UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

David G. Velde,

        Plaintiff/Appellee,

                          Civ. No. 07-316 (RHK/RLE)
                        **MEMORANDUM OPINION AND
                        ORDER**

v.

David Kirsch,

        Defendant/Appellant.

Justin P. Weinberg, Michael S. Dove, Mary Kay Mages, Gislason & Hunter LLP, New Ulm, Minnesota, for Plaintiff/Appellee.

David L. Johnson, McNair, Larson & Carlson, Ltd., Fargo, North Dakota, for Defendant/Appellant.

      This matter is before the Court on appeal from the Bankruptcy Court. Appellant David Kirsch, the Defendant below, argues that the Bankruptcy Court incorrectly held that a check he received from Daniel Miller, the debtor in bankruptcy, was an avoidable preferential transfer under the Bankruptcy Code. For the reasons set forth below, the Court agrees with Kirsch and will reverse the Bankruptcy Court's ruling.

## BACKGROUND

      The facts of this case are both undisputed and uncomplicated. Miller previously owned Danielson Grain, a crop-storage elevator in East Grand Forks, Minnesota. In that capacity, Miller bought, sold, and stored crops.

On February 3, 2004, an involuntary Chapter 7 bankruptcy petition was filed against Miller in the United States Bankruptcy Court for the District of Minnesota. Miller subsequently converted the involuntary petition to a case under Chapter 11. On September 29, 2004, the Bankruptcy Court converted the matter back to a Chapter 7 case and appointed Appellee David Velde as the Trustee of Miller's bankruptcy estate.

The Trustee then commenced a number of adversary proceedings – including the case *sub judice* – seeking to recover the value of several checks Miller issued in the 90-day period prior to February 3, 2004. The instant case arises out of an October 27, 2003, check for $44,955.14 Miller issued to pay for soybeans that Kirsch had previously delivered to him. The check bounced, and Miller replaced it on November 10, 2003, with a bank check in the same amount. Both checks were made payable to Kirsch and to his bank, in order to extinguish a security interest the bank held in the soybeans.

In his Complaint, the Trustee asserted that the replacement check was a preferential transfer under the Bankruptcy Code and should be "avoided." Kirsch responded that the replacement check was not avoidable because it fell within the contemporaneous-exchange-for-new-value exception to the Trustee's avoidance powers. The Trustee moved for summary judgment and, by Order dated August 29, 2006, the Bankruptcy Court granted the Trustee's motion, holding that the contemporaneous-exchange-for-new-value defense under the Bankruptcy Code "is not . . . cognizable" in actions involving "a payment made to cure a bounced check." Velde v. Kirsch (In re Miller), No. 06-6086, 2006 WL 2623882, at *4 (Bankr. D. Minn. Aug. 29, 2006). This appeal followed.

**STANDARD OF REVIEW**

On appeal, a district court reviews a bankruptcy court's legal conclusions *de novo* and its factual findings for clear error. Gourley v. Usery (In re Usery), 123 F.3d 1089, 1093 (8th Cir. 1997); Fed. R. Bankr. P. 8013. The facts of this case are not in dispute; accordingly, the Court need only review *de novo* the Bankruptcy Court's conclusion that the contemporaneous-exchange-for-new-value defense does not apply here.

**ANALYSIS**

Section 547(b) of the Bankruptcy Code authorizes a bankruptcy trustee to "avoid" certain transfers. In particular, a bankruptcy trustee may avoid a "preferential" transfer – that is, a transfer made to or on behalf of a creditor, on or within 90 days of the filing of a bankruptcy petition, if (1) the debtor was insolvent on the date of the transfer, (2) the transfer was for an antecedent debt, and (3) the transfer allowed the creditor to receive more than it would have received in a Chapter 7 liquidation. E.g., Peltz v. Edward C. Vancil, Inc. (In re Bridge Info. Sys., Inc.), 474 F.3d 1063, 1066 (8th Cir. 2007); Silverman Consulting, Inc. v. Canfor Wood Prods. Mktg. (In re Payless Cashways, Inc.), 306 B.R. 243, 249 (B.A.P. 8th Cir. 2004). Such a transfer is deemed "preferential" because it places the creditor in a preferred position vis-a-vis other creditors – the creditor has received more than the pro-rata share of the debtor's assets it would have received in a liquidation and, as a result, other creditors receive less than they would otherwise be entitled to recover from the bankruptcy estate. A trustee's power to avoid a preferential transfer, therefore, "accomplish[es] proportionate distribution of the debtor's assets among its creditors,

and . . . prevent[s] a transfer to one creditor that would diminish the estate of the debtor that otherwise would be available for distribution to all." Stevenson v. Leisure Guide of Am., Inc. (In re Shelton Harrison Chevrolet, Inc.), 202 F.3d 834, 837 (6th Cir. 2000) (quoting Milchem, Inc. v. Fredman (In re Nucorp Energy, Inc.), 902 F.2d 729, 733 (9th Cir. 1990)).

Here, it is undisputed that the replacement check satisfies the elements of a preferential transfer under Section 547(b). However, Kirsch argues (as he did before the Bankruptcy Court) that the "contemporaneous-exchange-for-new-value" defense shields the replacement check from avoidance. That defense is codified in 11 U.S.C. § 547(c), which states in pertinent part:

> (c)  The Trustee may not avoid under this section a transfer –
>
>   (1)  to the extent that such transfer was –
>
>     (A)  intended by the debtor and the creditor to or for whose benefit such transfer was made to be a contemporaneous exchange for new value given to the debtor; and
>
>     (B)  in fact a substantially contemporaneous exchange.

"In simplest terms, a defendant makes its case under this provision by proving that the debtor received new value in exchange for the payment in question, and that both the debtor and creditor intended such an exchange." Payless Cashways, 306 B.R. at 249 (citation omitted).

Kirsch asserts that the contemporaneous-exchange defense applies to the replacement check because the soybeans he sold to Miller were subject to a security interest held by his bank. For this reason, the replacement check was made payable both to

-4-

Kirsch and to the bank, in order to extinguish the bank's security interest. According to Kirsch, this renders the replacement check a contemporaneous exchange for new value, with the "new value" being the bank's release of its security interest in the soybeans.[1]

Although the Bankruptcy Court considered this argument "plausible and well supported," it held instead that the contemporaneous-exchange-for-new-value defense simply cannot apply in a bounced-check situation. See Miller, 2006 WL 2623882, at *3-4. Relying heavily on Morrison v. Champion Credit Corp. (In re Barefoot), 952 F.2d 795 (4th Cir. 1991), the Bankruptcy Court concluded as a matter of law that any transfer during the 90-day preference period "to make good [a] bounced check" – including the transfer at issue in this case – "is not a contemporaneous exchange for new value." Miller, 2006 WL 2623882, at *3 (citing Barefoot, 952 F.2d at 800). Barefoot explained the rationale behind this "rule" as follows:

> The exception for a contemporaneous exchange does not ordinarily apply to credit transactions, and the dishonor of a check inevitably creates an antecedent debt owed by the debtor which any subsequent payments to make good the check, no matter how quickly made, would be satisfying. Unlike the case of an honored check or a cash payment where there is only one exchange between the debtor and creditor, the case of a dishonored check involves multiple exchanges and thus assumes the character of a credit transaction: the debtor gives the bad check, which in this context is the functional equivalent of a promissory note, followed by one or more payments to make good the check. The dishonor of a check, therefore, defeats the actual achievement of a contemporaneous exchange for new value, and we conclude that any payments to make good a

---

[1] It is well settled that a third-party's release of a security interest in items purchased by a debtor may constitute a contemporaneous exchange for new value. See, e.g., Velde v. Nikle Farms, Inc., Civ. No. 05-795, 2006 WL 1228850, at *9 (D. Minn. May 5, 2006) (Kyle, J.) (collecting cases).

bounced check cannot qualify as transfers to which the contemporaneous exchange exception applies.

Id. Key to Barefoot's holding, therefore, was the lack of contemporaneousness between the replacement check and the value received by the bankruptcy estate in exchange therefor; in the absence of such contemporaneousness, the exception simply did not apply. Id. at 800 & n.*.

There is some superficial appeal to applying Barefoot's "bright-line rule" in this case. Upon closer inspection, however, the Court concludes that the rule has no application here because of the unique nature of the "new value" at issue. In Barefoot (and in the other cases cited by the Trustee), "new value" was received by the debtors *in exchange for the dishonored checks.* Therefore, the replacement checks cannot have been *contemporaneous* exchanges for new value, because the debtors obtained "new value" when they issued the original, bounced checks – they obtained nothing more when the replacement checks were issued.

Here, however, Miller did not receive his "new value" – the bank's release of its security interest in the soybeans – when he issued the bounced check. That is because the release of the security interest occurred only when the bank received "payment" for the soybeans, pursuant to the Food Security Act. See 7 U.S.C. § 1631(e)(3)(B).[2] Hence, it was

---

[2] It could be argued that the bounced check Miller issued was a "payment" under the Food Security Act, but the Trustee has not made that argument. Moreover, the Court does not believe that Congress, had it considered the issue, would have treated bounced checks as "payments" under the Act, which is intended to protect a lender's security interests in crops.

only after Miller issued the replacement check (which was honored) that the bank's security interest was released, and it was this release that constituted the "new value" Miller received. Thus, the necessary contemporaneousness between the transfer (the replacement check) and the new value (the bank's release of its security interest) exists here.[3]

Moreover, concluding that the contemporaneous-exchange-for-new-value defense applies would be consistent with the purpose behind that defense: to prevent the diminution of the bankruptcy estate by one creditor to the detriment of other similarly situated creditors. When Miller initially obtained the soybeans from Kirsch in exchange for the bounced check, those soybeans remained subject to the bank's security interest. In other words, the bank remained a *secured* creditor with respect to the soybeans; they could not be reached by unsecured creditors. When Miller issued the replacement check, the bankruptcy estate was diminished by $44,955.14, yet at the same time, the estate was enriched by that same amount because the bank released its security interest in the soybeans; the soybeans became a bankruptcy asset reachable by all *unsecured* creditors because they were owned by Miller free and clear of the bank's security interest. The bankruptcy estate, therefore, obtained "new value" (the value of the soybeans) equal to that of the replacement check, and, accordingly, other creditors were not "adversely affected by [this] exchange." Payless

---

[3] Barefoot actually supports this conclusion. There, the court held that "*when a bounced check is given by the debtor in exchange for new value provided by a creditor, any subsequent payment to make good the bad check is not a contemporaneous exchange for new value.*" Id. at 800 (emphasis added). Here, the new value was received by Miller not in exchange for the *bounced* check, but rather in exchange for the *replacement* check.

Cashways, 306 B.R. at 249; accord Harrah's Tunica Corp. v. Meeks (In re Armstrong), 291 F.3d 517, 525 (8th Cir. 2002) ("Contemporaneous exchanges for new value are an exception [to the trustee's avoidance powers] . . . because other creditors are not adversely affected if the debtor's estate receives new value."); Lindquist v. Dorholt (In re Dorholt, Inc.), 224 F.3d 871, 873 (8th Cir. 2000) (same).[4]

The Trustee also argues that the bank's release of its security interest upon receipt of the replacement check cannot have been "new value" as a matter of law. In support of this argument, the Trustee points to the Bankruptcy Code's definition of "new value," which expressly excludes "an obligation substituted for an existing obligation." 11 U.S.C. § 547(a)(2). But the replacement check issued by Miller – which is what the Trustee argues was the "obligation substituted for an existing obligation" – cannot have been "new value," because that term (in the context of the contemporaneous-exchange-for-new-value defense) refers to the property or other benefit *received* by the debtor, not the property *transferred by* the debtor. See 11 U.S.C. § 547(c)(1)(A) (trustee cannot avoid contemporaneous exchange "for new value *given to the debtor*") (emphasis added). In other words, the Trustee appears to have confused the replacement check Miller issued –

---

[4] As one court has stated, "[a] payment to a fully secured creditor is not preferential because the payment does not deplete the bankruptcy estate." Ellis v. Ford Motor Credit Co. (In re DeLavern), 337 B.R. 239, 242 (Bankr. W.D. Wash. 2005) (citing Committee of Creditors Holding Unsecured Claims v. Koch Oil Co. (In re Powerine Oil Co.), 59 F.3d 969, 972 (9th Cir. 1995)). While this rule does not precisely apply to the present situation because the payment at issue was made *both* to Kirsch (an unsecured creditor) and to his bank (a secured creditor), it is nevertheless apt because the new value at issue – the release of the security interest – came only from the bank, a secured creditor.

the "transfer" the Trustee now seeks to recover – with the "new value" Miller received, *viz.*, the release of the bank's security interest.[5]

Lastly, the Court notes that intent is the "critical" element of the contemporaneous-exchange-for-new-value defense. Gateway Pacific Corp. v. Expeditors Int'l of Wash., Inc. (In re Gateway Pacific Corp.), 153 F.3d 915, 918 (8th Cir. 1998) ("The critical inquiry in determining whether there has been a contemporaneous exchange for new value is whether the parties intended such an exchange.") (internal quotation marks and citation omitted). The Trustee has nowhere argued that such intent was absent here, and there is evidence in the record to suggest that the requisite intent existed at the time the replacement check was issued. See Payless Cashways, 306 B.R. at 249 (court should "look to the circumstances surrounding each situation" to decide if necessary intent is present). Indeed, the fact that Miller made the replacement check payable to Kirsch's bank (in addition to Kirsch) would seem to suggest that Miller intended to receive "new value" – the bank's release of its security interest in the soybeans – in exchange for the replacement check. And, there does not appear to be any dispute that the bank did in fact release its security interest in the soybeans in exchange for the replacement check.

---

[5] Taking a slightly different tack, the Trustee also argues that Kirsch substituted an old obligation – Miller's "obligation to pay Kirsch" when he received the soybeans – for a new obligation – a "new credit transaction created by the bounced check." The Court fails to understand this argument or how Miller's obligation to pay for the soybeans in any way changed as a result of the bounced check.

For all these reasons, the Court concludes that the contemporaneous-exchange-for-new-value defense applies and that the Trustee cannot avoid the transfer at issue under Section 547 of the Bankruptcy Code.

## CONCLUSION

Based on the foregoing, and all the files, records, and proceedings herein, it is **ORDERED** that the Bankruptcy Court's grant of summary judgment in favor of the Trustee is **REVERSED** and the Bankruptcy Court's Judgment is **VACATED**. It is further **DECLARED** that the transfer from debtor Daniel Miller in the amount of $44,955.14, by check #185314, to Defendant/Appellant David Kirsch is not an avoidable preferential transfer pursuant to 11 U.S.C. § 547(b), because the transfer was a contemporaneous exchange for new value pursuant to 11 U.S.C. § 547(c)(1).

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: April  12 , 2007                                   s/Richard H. Kyle
                                                          RICHARD H. KYLE
                                                          United States District Judge